## Commonwealth v. Silcox, et al.

(Decided May 12, 1925.)

### Appeal from Whitley Circuit Court.

Counties—Peremptory Instruction for County Officials Prosecuted for Paying Funds Raised from County Bonds for Road Improvement Held Proper.—Acts 1906, c. 81, section 4, applies only to money raised by taxation, and does not apply to funds raised by sale of county bonds, and, in prosecution thereunder for unlawful expenditure of such funds, peremptory instruction for accused was properly given.

FRANK E. DAUGHERTY, Attorney General, and J. C. BIRD, Commonwealth Attorney, for appellant.

STEPHENS & STEELY, W. B. EARLY and J. B. WALL for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

The Whitley fiscal court in September, 1923, under the act approved March 23, 1914 (Kentucky Statutes, section 4320), submitted to the people of the county the following question: "Are you in favor of issuing $150,-000.00 in bonds for the purpose of building roads and bridges on the east and west side of the Louisville and Nashville railroad in Whitley county, Kentucky?" The majority voted in favor of the proposition. The bonds were issued and sold and on June 6, 1924, the fiscal court entered the following order:

"Upon motion of R. B. Wilson, it is ordered that there be appropriated the sum of one thousand dollars, payable out of the bond issue money, to be spent grading the public county road beginning at Wofford, near Joe Tolliver's, and ending at New Zion schoolhouse."

The contract was let for the grading of the road, the grading was done during the summer and $519.80 of the bond money was paid thereon. At the October term, 1924, the grand jury returned an indictment in the Whitley circuit court under the fourth section of the act approved March 21, 1906 (Kentucky Statutes, section 4281u), against the county judge and other members of the fiscal court for the offense of unlawfully, wilfully,

knowingly expending, suffering to be expended, permitting to be expended and authorizing to be expended money, tax and revenue for a purpose other than that for which the said money, tax and revenue had been levied, imposed and collected. The defendants demurred to the indictment, which set out as a statement of the acts constituting the offense the facts above stated. The court took time on the demurrer. The case was heard and at the conclusion of the evidence for the plaintiff the circuit court instructed the jury peremptorily to find for the defendants. The Commonwealth appeals.

The title of the act referred to is in these words:

"An act to further regulate the revenue laws of counties, cities and towns so as to carry into effect sections 157 and 180 of the present Constitution and prescribe penalties for violating same."

The 4th section of that act, read in connection with the preceding section in view of the title to the act, can only apply to money which is raised by taxation. To apply the fourth section of the act to the fund raised by the sale of the county bonds in Whitley county would be to apply the provisions of the act to a subject entirely foreign to the title. The indictment cannot, therefore, be sustained under that act. The facts shown, not constituting the offense charged, the peremptory instruction in favor of the defendants was properly given. The demurrer to the indictment should have been sustained.

Judgment affirmed.